NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RODRIGO RUVIRA-RODRIGUEZ,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-4366

Agency No.
A204-436-248

MEMORANDUM\*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2026\*\*
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Petitioner Rodrigo Ruvira-Rodriguez, a native and citizen of Mexico,

petitions for review of decisions of the Board of Immigration Appeals ("BIA")

dismissing his appeal of an immigration judge's ("IJ") (collectively, "the Agency")

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

denial of his applications for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and cancellation of removal.[1]  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.  Petitioner was convicted of driving under the influence ("DUI") in violation of California Vehicle Code section 23152(b).  He contends that the Agency erred in finding that his conviction was for a particularly serious crime ("PSC").  See 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii) (providing that asylum and withholding of removal are not available to a noncitizen if the Agency determines that the noncitizen, "having been convicted by a final judgment of a [PSC]," is "a danger to the community of the United States").  We review for abuse of discretion whether the Agency applied the correct legal standard to determine that an offense constitutes a PSC.  Bare v. Barr, 975 F.3d 952, 961 (9th Cir. 2020).

The IJ identified the elements of DUI and ruled that Petitioner's unlawful possession of a loaded firearm in a vehicle, while driving under the influence, was potentially a PSC.  The BIA similarly determined that Petitioner's DUI was "within the ambit" of PSCs.  See Bare, 975 F.3d at 962 (noting that if "'the elements of the offense are . . . found to potentially bring the offense within the

_____

[1] Petitioner seeks review of the Agency's denials of his applications for asylum, withholding of removal, and CAT protection but not its denial of his application for cancellation of removal.

ambit of a [PSC],' then the other factors are considered" (citation omitted)).  The Agency then permissibly determined that Petitioner's offense constituted a PSC by considering the sentence imposed and the specific circumstances of the crime.  See Avendano-Hernandez v. Lynch, 800 F.3d 1072, 1077–78 (9th Cir. 2015) (holding that the Agency applied the proper legal standard and appropriately found that the petitioner's DUI was a PSC in the circumstances); Bare, 975 F.3d at 961 (listing factors pertinent to whether an offense is a PSC, including "(1) the nature of the conviction, (2) the type of sentence imposed, and (3) the circumstances and underlying facts of the offense" (citation modified)).  The Agency acknowledged potentially mitigating circumstances.  But, in reaching its decision, the Agency relied on appropriate facts underlying the conviction:  that Petitioner's blood alcohol content was much higher than the legal limit; that he had a loaded, unregistered, concealed firearm in the car, within arm's reach; that elsewhere in the car he had additional ammunition and containers of alcohol; and that his sentence included 36 months of probation.  Accordingly, the Agency did not abuse its discretion.

2.  Petitioner also contends that substantial evidence does not support the Agency's conclusion that he failed to show either a sufficient likelihood of torture by drug cartels if returned to Mexico, or Mexican officials' acquiescence in any

such harm.[2]  See Uc Encarnacion v. Bondi, 156 F.4th 927, 935 (9th Cir. 2025) (explaining that we review for substantial evidence the denial of CAT relief). Again, we disagree, because we are not compelled to find to the contrary on this record.  See Edgar G.C. v. Bondi, 136 F.4th 832, 847 (9th Cir. 2025) (concluding that substantial evidence supported the denial of CAT relief).  Among other things, Petitioner was never harmed personally or threatened in Mexico, nor does the record compel a finding of government complicity.  See Mendoza-Garcia v. Garland, 36 F.4th 989, 999–1000 (9th Cir. 2022) (holding that the Agency's denial of CAT relief was supported by substantial evidence because the petitioner did not allege past torture and "[t]he potential for future torture at the hands of Mexican police and gang members . . . [was] too speculative").

**PETITION DENIED.**[3]

---

[2] Conviction of a PSC makes Petitioner statutorily ineligible for asylum and withholding of removal under the Immigration and Nationality Act and under CAT.  See 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2).  But Petitioner's conviction of a PSC does not make Petitioner statutorily ineligible for CAT deferral of removal.  See 8 C.F.R. § 1208.17(a).

[3] Petitioner's opposed motion to stay removal (Dkt. No. 3) is denied.  The temporary stay of removal entered pursuant to General Order 6.4(c) is lifted, effective immediately.

25-4366